UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRIAN LASHER, | | |
| | Plaintiff, | Case # 24-CV-6065-FPG |
| v. | | DECISION AND ORDER |
| AMBER CONROY, et al., | | |
| | Defendants. | |

## INTRODUCTION

Plaintiff Brian Lasher brings this action against Defendants Amber Conroy, the City of Niagara Falls ("the City"), the City of Niagara Falls Police Department, Detective Alexandra Mayes, Niagara County ("the County"), the Niagara County District Attorney's Office, District Attorney Brian D. Seaman, Assistant District Attorney Peter Wydysh, and John Does 1-5. ECF No. 1. Plaintiff alleges malicious prosecution, false arrest, and false imprisonment in violation of 42 U.S.C. § 1983 as well as malicious prosecution, defamation, and defamation *per se* under state law. *Id.* Defendants City of Niagara Falls, City of Niagara Falls Police Department, and Detective Alexandra Mayes move to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 11. Defendants Niagara County, Niagara County District Attorney's Office, District Attorney Brian D. Seaman, and Assistant District Attorney Peter Wydysh move separately to dismiss under Rule 12(b)(6). ECF No. 20. Plaintiff opposes both motions. ECF No. 23. For the reasons that follow, Defendants' motions are GRANTED.

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court deciding a motion to dismiss pursuant to Rule 12(b)(6) "must accept as true all

1

of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If that statement fails to present "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the deficient claims may be dismissed pursuant to Rule 12(b)(6). *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination regarding "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "[W]ell-pleaded factual allegations" permit a court to "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Although Plaintiff's factual allegations set forth in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. If a plaintiff "ha[s] not nudged [his/her] claims across the line from conceivable to plausible, [his/her] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## BACKGROUND

According to Plaintiff, the incidents that gave rise to this action began on February 7, 2021, when Plaintiff was attending a Super Bowl party at Seneca Niagara Resort and Casino hosted by

John Scholl.[1] ECF No. 1 ¶ 15. In the early hours of the next morning, on February 8, 2021, Plaintiff left the party to go to his hotel room, but Scholl asked him to return to the party. *Id.* ¶ 17. Plaintiff went back to the party and later he, Scholl, and another guest, Amber Conroy, began engaging in what Plaintiff describes as "sexual acts on each other." *Id.* ¶¶ 17, 20. Plaintiff maintains that Conroy "appeared to be enjoying herself, and at no point did she cry, raise her voice, express discomfort, say 'no,' or ask Plaintiff or Mr. Scholl to stop." *Id.* ¶ 22. Additionally, Plaintiff maintains that Conroy never attempted to leave the situation and texted Scholl the next day to say that she "had a good night." *Id.* ¶¶ 22–23.

After that night, Scholl and Conroy continued to date for around four months. *Id.* ¶ 24. According to Plaintiff, during that time, Conroy did not go to a hospital, made no reports to law enforcement, and did not accuse Scholl or Plaintiff of any wrongdoing. *Id.* Plaintiff alleges that as the relationship between Scholl and Conroy neared its end, "Conroy for first time alluded to Mr. Scholl of the possibility of having both he and Plaintiff charged for the acts at the Super Bowl party if he did not continue to have a romantic relationship with her and pay her the $3,700 which Mr. Scholl owed her." *Id.* ¶ 25. Plaintiff further alleges, on information and belief, that when Scholl confronted Conroy in person "about the threats for actions that did not happen, she alluded to him that she would fabricate allegations against him and Plaintiff." *Id.*

According to Plaintiff, when Scholl ended the relationship and did not repay Conroy, Conroy for the first time approached the "District Attorney" to file charges against Scholl and Plaintiff related to the events at the Super Bowl party. *Id.* ¶¶ 26–27. Plaintiff contends that the

---

[1] Unless otherwise noted, the facts in this section are taken from Plaintiff's compliant. ECF No. 1. To the extent that Plaintiff alleges more facts in his opposition brief (ECF No. 23-2) than in his complaint, "it is axiomatic that a complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Sibley v. Watches*, 460 F. Supp. 3d 302, 317 (W.D.N.Y. 2020) (citation omitted). Therefore, new facts alleged in the opposition brief will not be addressed in this decision.

District Attorney, and police detectives for the City Police and/or County actively investigated Conroy's allegations. *Id.* ¶ 28. During their investigation, they interviewed Conroy, Scholl, and Plaintiff. *Id.* However, Plaintiff alleges that they did not interview other material witnesses present at the party and ignored exculpatory evidence that showed that Plaintiff was not guilty. *Id.*

At the conclusion of the investigation, Plaintiff alleges that the District Attorney, City Police and/or County detectives proceeded with the prosecution of Plaintiff and made the allegations public. *Id.* ¶ 37. Once the charges were made public, Plaintiff lost his job as a teacher at Starpoint Middle School and as a track and cross-country coach at Williamsville North High School. *Id.* ¶ 38. Plaintiff maintains that these charges have prevented him from ever being employable again. *Id.* According to Plaintiff, his criminal trial lasted one day, and the Supreme Court Judge dismissed "all charges against Plaintiff for the District Attorney's failure to produce sufficient evidence of guilt, by a declaratory judgment after the Defendants had set forth the evidence." *Id.* ¶ 39.

On January 31, 2024, Plaintiff brought the instant action in this Court. ECF No. 1. Plaintiff alleges five causes of action: (1) malicious prosecution in violation of 42 U.S.C. § 1983, (2) false arrest and false imprisonment in violation of 42 U.S.C. § 1983, (3) malicious prosecution under state law, (4) defamation under state law, and (5) defamation *per se* under state law. *Id.*

## DISCUSSION

Defendants move separately to dismiss all five of Plaintiff's claims pursuant to Rule 12(b)(6). ECF Nos. 11, 20. As the arguments raised in each motion to dismiss are largely the same, the Court will discuss the motions together.

However, as an initial matter, the Court dismisses the complaint as to the City of Niagara Falls Police Department and the Niagara County District Attorney's Office. The City of Niagara

Falls Police Department argues that it is a department of the City and not a legal entity amenable to being sued. ECF No. 11-4 at 2. The Niagara County District Attorney's Office similarly argues that it is a department of the County not amenable to being sued. ECF No. 20-3 at 11–12.

Plaintiff did not respond to these arguments in his opposition to Defendants' motions to dismiss. *See* ECF No. 23. When a party is counseled, a court may infer from a party's partial opposition—*i.e.,* a response that references some claims or defenses but not others—that relevant claims or defenses not defended in the opposition have been abandoned. *See Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014). Here, Plaintiff is counseled and did not defend these claims in his opposition. Consequently, the Court considers these claims to be abandoned, and the complaint is dismissed with prejudice as to the City of Niagara Falls Police Department and the Niagara County District Attorney's Office.

I. **Claims For Malicious Prosecution, False Arrest, and False Imprisonment in Violation of 42 U.S.C. § 1983**

Plaintiff alleges malicious prosecution, false arrest, and false imprisonment in violation of 42 U.S.C. § 1983. The Court discusses these claims as applied to each of the remaining moving Defendants below.

a. **City of Niagara Falls and Niagara County**

The City and the County both argue that Plaintiff has failed to state a claim as to them because Plaintiff has failed to allege that that an official municipal policy was responsible for the alleged deprivation of Plaintiff's rights. ECF No. 11-4 at 3; ECF No. 20-3 at 6. In response, Plaintiff argues that both are vicariously liable for their agents' actions within the scope of their employment. ECF No. 23-2 at 9.

In *Monell v. Department of Social Services*, the Supreme Court held that a municipality can only be found liable under § 1983 where the municipality itself caused the constitutional violation at issue. 436 U.S. 658 (1978). Specifically, a municipality can only be liable under § 1983 when "official policy is responsible for a deprivation of rights." *Id.* at 690. Therefore, *respondeat superior* and vicarious liability do not attach against a municipal entity under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell,* 436 U.S. at 694–95).

Here, Plaintiff makes no allegations that the alleged deprivations of rights were the result of an official policy of the City or the County. Instead, he insists that the City and the County should be held vicariously liable. *See* ECF No. 23-2 at 9. As a municipality cannot be liable under § 1983 based on theories of *respondeat superior* or vicarious liability, Plaintiff has failed to state a claim as to the City and the County, and Plaintiff's claims for malicious prosecution, false arrest, and false imprisonment under § 1983 against the City and the County are dismissed.

**b.  Alexandra Mayes, Brian D. Seaman, and Peter Wydysh**

Plaintiff also alleges claims for malicious prosecution, false arrest, and false imprisonment under § 1983 against Alexandra Mayes, Brian D. Seaman, and Peter Wydysh. Mayes was the principal investigator for the case against Plaintiff. ECF No. 1 ¶ 29. Seaman is the District Attorney for Niagara County, and Wydysh is an Assistant District Attorney in Seaman's office. *Id.* at 1. As to these Defendants, the Court concludes that Plaintiff's complaint has failed to state a claim that is plausible on its face for relief. *See Iqbal*, 556 U.S. at 678.

A complaint must at least provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Littlejohn v. City of New York*, 795 F.3d 297, 309 (2d Cir. 2015) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "Nothing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Hudak v. Berkley Grp., Inc.*, No. 13–CV–00089, 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014). However, the standard cannot be satisfied "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001) (summary order). "[I]n order to state plausible claims where a plaintiff is suing multiple defendants, the complaint must sufficiently explain what each defendant allegedly did." *Doe by and through Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594, 2018 WL 2100605, at *9 (W.D.N.Y. May 7, 2018). "A laundry list of potentially actionable conduct, without 'specification of any particular activities by any particular defendant,' cannot withstand a motion to dismiss." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318, 2017 WL 696126, at *7 (S.D.N.Y. Feb. 15, 2017) (quoting *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)).

Although Defendants do not expressly raise the issue of whether Plaintiff has plausibly alleged specific conduct on behalf of Mayes, Seaman, and Wydysh sufficient to state a claim, *see* ECF Nos. 11, 20, *sua sponte* dismissal is appropriate because it is "unmistakably clear" that this claim is "defective" as currently pleaded. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018).[2] Here, the complaint does not sufficiently explain what each individual defendant did. As for Mayes, the complaint states that she was the principal investigator on the matter. ECF No. 1 ¶ 29. After that, it only mentions that she interviewed Plaintiff prior to him

---

[2] Nevertheless, the Court is mindful that "dismissing a case without an opportunity to be heard is, at a minimum, bad practice." *Catzin*, 899 F.3d 77 at 82. Therefore, as explained in Part I(c), *infra*, Plaintiff's claims under § 1983 as to Mayes, Seaman, and Wydysh are dismissed without prejudice, and Plaintiff is granted leave to amend to address the deficiencies raised by the Court.

being charged, which is not an allegation sufficient to state a claim for malicious prosecution, false arrest, or false imprisonment. *See id.* As for Seaman and Wydysh, the complaint alleges nothing as to their individual conduct. It only refers to Seaman, Wydysh, and the Niagara County District Attorney's Office collectively as the "District Attorney." *Id.* ¶ 9. Thus, when Plaintiff makes allegations as to the "District Attorney" it is unclear to what extent Seaman and Wydysh were personally involved.

Most of relevant factual contentions are made in the factual background section of the complaint. *See Id.* ¶¶ 14–41. In the section, Plaintiff makes some allegations as to only the "District Attorney," which as explained above, does not give insight into the individual conduct of Seaman or Wydysh. Otherwise, the complaint refers to "the District Attorney, City Police, and/or County detectives" collectively when making allegations relevant to the claims under § 1983. For instance, the complaint alleges that the "District Attorney, City Police and/or County detectives failed to turn over to Plaintiff the exculpatory evidence." *Id.* ¶ 31. But Plaintiff fails to explain if any or all of the individual Defendants were personally involved in not turning over evidence. Further, when stating his causes of action under § 1983, Plaintiff makes allegations against the "Defendants," without identifying specific individuals.

Therefore, the Court concludes that Plaintiff has not provided a factual basis to distinguish the conduct of Mayes, Seaman, or Wydysh from each other or the other Defendants mentioned. He has also not supported his claims by explaining how the particular actions that Mayes, Seaman, or Wydysh took violated his rights. Consequently, Plaintiff has failed to provide Mayes, Seaman, or Wydysh with fair notice of what his claims are and the grounds upon which they rest. *See Littlejohn*, 795 F.3d at 309. As such, Court concludes that Plaintiff has failed to state a claim upon

which relief may be granted, and the claims under § 1983 as to Mayes, Seaman, and Wydysh are dismissed.

### c. Leave to Amend

Although Plaintiff does not request leave to replead, the Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). The decision to grant leave to amend is within the discretion of the court, and "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Id.*

In this case, Plaintiff's claims for malicious prosecution, false arrest, and false imprisonment under § 1983 against the City and the County—to the extent they allege liability under theories of *respondeat superior* or vicarious liability—are dismissed with prejudice. A municipality cannot be held liable under § 1983 based on theories of *respondeat superior* or vicarious liability and therefore Plaintiff would be unable to amend his complaint in a manner that would survive dismissal on this basis. *See Cox v. City of Rochester*, No. 22-CV-6207-FPG, 2025 WL 50340, at *5 (W.D.N.Y. Jan. 8, 2025) (explaining that a plaintiff must demonstrate that an "action pursuant to official municipal policy" caused an injury to state a claim under *Monell*, 436 U.S. 658).

As for Plaintiff's claims for malicious prosecution, false arrest, and false imprisonment under § 1983 against Mayes, Seaman, and Wydysh, those claims are dismissed without prejudice, and Plaintiff may amend his complaint as to those claims.

## II.   State Law Claim for Malicious Prosecution

The City and Mayes argue that Plaintiff's claim for malicious prosecution under state law is time barred. ECF No. 11 at 4. They argue that that under New York Civil Practice Law and Rules § 215 ("C.P.L.R. § 215"), a cause of action for malicious prosecution must be commenced within one year and that the statute of limitations begins to run when the underlying action is terminated in the plaintiff's favor by dismissal. *Id.* They claim that Plaintiff was acquitted on October 31, 2022, and thus he had until October 31, 2023, to bring this claim. *Id.* at 4–5.

In response, Plaintiff argues that New York General Municipal Law § 50-i ("§ 50-i") takes precedence over the one-year period of limitations provided for in C.P.L.R. § 215. ECF No. 23-2 at 7. Under § 50-i, an action against "a city, county, town, village, fire district or school district for personal injury . . . sustained by reason of the negligence or wrongful act of . . . any officer, agent or employee thereof . . . shall be commenced within one year and ninety days." *Id.* Plaintiff argues that because this suit is against the City, the County, and its employees, § 50-i's statute of limitations of one year and ninety days is applicable. *Id.* at 7–8. The City and Mayes argue in their reply that even if the one-year-and-ninety-day statute of limitations applies, Plaintiff's claim is still untimely. ECF No. 25 at 2.

The Court agrees that § 50-i applies in this case. *See Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016) (holding that even if a plaintiff's claim would generally fall under C.P.L.R. § 215, when a plaintiff sues a municipality or an individual a municipality must indemnify, § 50-i's statute of limitations applies). The statute of limitations for purposes of malicious prosecution begins to run when the criminal proceeding is favorably terminated. *See Roman v. Comp USA, Inc.*, 38 A.D.3d 751, 752 (2d Dep't 2007). In this case, the parties dispute what day Plaintiff was acquitted. The moving Defendants claim it was October 31, 2022, while Plaintiff claims it was November 1,

2022. *See* ECF No. 23-2 at 5; ECF No. 11 at 4; ECF No. 20-3 at 13. Neither party has submitted conclusive evidence of the correct date. However, even applying the one-year-and-ninety-day statute of limitations and assuming that Plaintiff's date of acquittal is correct, Plaintiff's claim is untimely. One year and ninety days from November 1, 2022, is January 30, 2024, and this action was brought January 31, 2024. *See* ECF No. 1; *see Scott v. City of Mount Vernon*, No. 14-CV-4441, 2017 WL 1194490, at *23 (S.D.N.Y. Mar. 30, 2017). Thus, this action is one day untimely.

The Court therefore dismisses the state-law malicious prosecution claim as to all moving Defendants as untimely.[3] However, the Court acknowledges that the argument that Plaintiff's action was untimely under the one-year-and-ninety-day statute of limitations was only raised in the City's and Mayes's reply brief and as a result, Plaintiff did not have a formal opportunity to respond to that argument or give any justifications for equitable tolling of the statute of limitations. Thus, if Plaintiff has a basis for equitable tolling of the statute of limitations or an argument that this action is timely as to the state-law malicious prosecution claim, he is granted to leave to replead this claim.[4]

### III.  Defamation and Defamation *Per Se*

All moving Defendants argue that Plaintiff's defamation and defamation *per se* claims are barred by the statute of limitations. ECF No. 11-4 at 10; ECF No. 20-3 at 12. They again argue that under C.P.L.R. § 215, defamation actions must be commenced within one year of the date that

---

[3] While the County, Seaman, and Wydysh did not move to dismiss the state-law malicious prosecution claim on the basis it was untimely, "[w]here one defendant has successfully raised a statute of limitations defense with respect to a particular claim, a court may also dismiss the claim *sua sponte* as to similarly situated defendants." *Clement v. United Homes*, LLC, 914 F. Supp. 2d 362, 375 (E.D.N.Y. 2012).

[4] Plaintiff is reminded that federal pleading standards apply even when claims are made under state law. Thus, any amended complaint providing an argument that the state-law claims are timely or giving a basis for equitable tolling must also "state a claim to relief that is plausible on its face" as to each Defendant. *Twombly*, 550 U.S. at 570.

the complained-of conduct occurred. ECF No. 11-4 at 10–11; ECF No. 20-3 at 12–13. Specifically, they argue that the statute of limitations for a defamation claim runs from the date that the alleged statement was made or published, not the day that it was made known to Plaintiff. ECF No. 11-4 at 11; ECF No. 20-3 at 13.

In this case, they argue that it is unclear when the defamatory statements were made because Plaintiff alleges that the information became available due to a leak but does not give a date. *Id.* However, they argue that the complaint alleges that the leak occurred prior to the day Plaintiff was acquitted, which they maintain was October 31, 2022. *Id.* Thus, they argue that Plaintiff's defamation claims must be untimely because they happened prior to October 31, 2022, and Plaintiff did not file this action until January 31, 2024. *Id.* In response, Plaintiff again argues that § 50-i takes precedence over the one-year period of limitations provided for in C.P.L.R. § 215, and that § 50-i's statute of limitations of one year and ninety days is applicable here. ECF No. 23-2 at 7.

Again, the Court agrees that § 50-i applies in this case. *See Rentas*, 816 F.3d at 226. However, as discussed above, even applying the one-year-and-ninety-day statute of limitations, Plaintiff is untimely. Under New York Law, when asserting a defamation claim, the clock begins to run for the purposes of the statute of limitations from the date that the alleged statement was made or published. *See Karam v. First Am. Bank of N.Y.,* 190 A.D.2d 1017, 1018 (4th Dep't 1993); *Nussenzweig v. diCorcia*, 878 N.E.2d 589, 590 (N.Y. 2007). In this case, Plaintiff alleges that Conroy presented a fabricated version of events to the "District Attorney" and that these statements were leaked to the press. ECF No. 1 ¶¶ 70–71. Plaintiff alleges that these statements were made and leaked prior to Plaintiff's acquittal, which Plaintiff maintains occurred on November 1, 2022. *See id.* ¶¶ 70–73. As explained above, even if these statements were made or published on

November 1, 2022, they would still be untimely because one year and ninety days from November 1, 2022, is January 30, 2024, and this action was brought January 31, 2024.

Therefore, the defamation claims are dismissed as to all moving Defendants as untimely. Again, if Plaintiff has a basis for equitable tolling of the statute of limitations or an argument that this action is timely as to the defamation claims, he is granted to leave to replead those claims.

## CONCLUSION

For the foregoing reasons, the motions to dismiss, ECF Nos. 11, 20, are GRANTED.

Plaintiff's claims against the City of Niagara Falls Police Department and the Niagara County District Attorney's Office are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to terminate the City of Niagara Falls Police Department and the Niagara County District Attorney's Office as defendants in this action.

Plaintiff's claims under 42 U.S.C. § 1983 against the City of Niagara Falls and Niagara County are DISMISSED WITH PREJUDICE to the extent that they allege theories of *respondeat superior* or vicarious liability against the municipalities. Plaintiff's claims under 42 U.S.C. § 1983 as to Mayes, Seaman, and Wydysh are DISMISSED WITHOUT PREJUDICE, and Plaintiff is granted leave to amend his complaint.

Plaintiff's claims for state-law malicious prosecution, defamation, and defamation *per se* against the moving defendants are DISMISSED AS UNTIMELY. If Plaintiff has a basis for equitable tolling of the statute of limitations or an argument that this action is timely as to his state-law claims, he is granted to leave to replead.

Plaintiff may file an amended complaint by **March 12, 2025**. If after **March 12, 2025**, he does not file an amended complaint, the complaint will be dismissed with prejudice as to the City of Niagara Falls, Detective Alexandra Mayes, Niagara County, District Attorney Brian D. Seaman,

13

and Assistant District Attorney Peter Wydysh, and the Clerk of Court will be directed to terminate those defendants without further order.

IT IS SO ORDERED.

Dated: February 11, 2025

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York